IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


DAIMON T. DAILEY,
    Petitioner,

vs.                                     Case No.:  3:13cv148/WS/EMT

MICHAEL CREWS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 27).  The court provided Petitioner an opportunity to file a response to the motion (*see* doc. 29), but he has not done so.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.     BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (doc. 27).[1] Petitioner was charged in the Circuit Court in and for Escambia County, Florida, Case No. 2009-CF-

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (doc. 27) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

2290 with one count of robbery armed with a firearm (Count 1) and one count of possession of a firearm by a minor (Count 2) (Ex. D). Following a trial on August 10–11, 2009, a jury found Petitioner guilty as charged (Exs. E, F, G, H). On September 18, 2009, Petitioner was adjudicated guilty and sentenced to fifteen (15) years in prison, with a mandatory minimum of ten (10) years and with pre-sentence jail credit of 105 days on Count 1, and time served on Count 2 (Exs. I, J).

Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D09-5101 (Exs. K, L). The First DCA affirmed the judgment in a per curiam written opinion rendered on October 25, 2010 (Ex. O). Dailey v. State, 46 So. 3d 647 (Fla. 1st DCA 2010) (Mem). Petitioner did not seek rehearing, and the mandate issued November 10, 2010 (*id.*). Petitioner did not seek further review.

On August 30, 2011, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. P). On November 30, 2011, the state circuit court struck the motion, with leave to amend within thirty (30) days, because the motion lacked a proper oath (the oath was not signed by Petitioner) (Ex. Q). Petitioner filed an amended Rule 3.850 motion on December 8, 2011 (Ex. R). The state circuit court summarily denied the motion on June 27, 2012 (Ex. U). Petitioner appealed the decision to the First DCA, Case No. 1D12-4294 (Exs. X, Y). The First DCA per curiam affirmed without written opinion on February 8, 2013, with the mandate issuing March 6, 2013 (Ex. AA). Dailey v. State, 107 So. 3d 408 (Fla. 1st DCA 2013) (Table).

Petitioner filed the instant habeas action on March 27, 2013 (doc. 1). He raises the following two claims:

> Ground one: The Petitioner's 15 year sentence violated the Due Process Clause of the U.S. Constitution.

> Ground two: Trial counsel provided ineffective assistance of counsel by failing to inform the Petitioner of correct maximum sentence faced prior to the Petitioner rejecting the State's plea offer.

(doc. 1 at 4, 6–12).

II.   ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends, and Petitioner does not dispute, that the appropriate statutory trigger for the federal limitations period is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review (doc. 27 at 4–9). Respondent contends there existed the possibility that the Florida Supreme Court would exercise its discretionary jurisdiction in Petitioner's case under Fla. R. App. P. 9.030(a)(2)(A)(iv), the provision providing for discretionary review of decisions of the district courts of appeal that "expressly and directly conflict with a decision of another district court of appeal or of the supreme court on the same question of law" (*id.*). Respondent cites cases clarifying the types of cases that the Florida Supreme Court does not have discretionary jurisdiction to review, and argues that because Petitioner's case did not fall into any of those categories, only the Florida Supreme Court could determine whether it had discretionary jurisdiction to review the conviction (*id.*). Therefore, the Florida Supreme Court was the "state court of last resort" (*id.*). Respondent contends Petitioner did not seek discretionary review in the state court of last resort; thus, the

judgment of conviction became final upon expiration of the 30-day period for Petitioner to seek review in the Florida Supreme Court (*id.*).

The Supreme Court has held that in cases where a criminal defendant pursues direct review to the United States Supreme Court, judgment becomes final when the Supreme Court affirms the conviction on the merits or denies the petition for certiorari. *See* Gonzalez v. Thaler, — U.S. —, 132 S. Ct. 641, 653, 181 L. Ed. 2d 619 (2012). However, where a state prisoner did not seek discretionary review in the state's highest court, the judgment of conviction became "final" on the date that the time for seeking such review expired. *Id.* at 656. In Gonzalez, the prisoner had a right to discretionary review in Texas' Court of Criminal Appeals, which he did not pursue. *Id.* The Supreme Court thus declined to incorporate the 90–period for seeking certiorari review in determining when the judgment of conviction became final, because it would not have had jurisdiction to review the Texas intermediate state appellate court decision of which the prisoner sought review in the Supreme Court in the first instance. *Id.* at 655–56 (citing 28 U.S.C. § 1257(a) & Sup. Ct. R. 13.1). This aspect of Gonzalez turned on the question of what constituted the "state court of last resort" or "the highest court of a State in which a decision could be had" for purposes of the Supreme Court's certiorari jurisdiction. *See id.*; 28 U.S.C. § 1257(a) (Supreme Court may review final judgments or decrees rendered by "the highest court of a State in which a decision could be had"); Sup. Ct. R. 13.1 (petition for writ of certiorari is timely if filed within 90 days of entry of a judgment of a "state court of last resort," or of an order denying discretionary review of a lower state court judgment that is subject to further review).

Determining what constitutes a "state court of last resort" or "the highest court of a State in which a decision could be had" for purposes of the Supreme Court's certiorari jurisdiction requires an examination of state court procedures. *See* Costarelli v. Massachusetts, 421 U.S. 193, 195–97, 198–99, 95 S. Ct. 1534, 44 L. Ed. 2d 76 (1975); Pugh v. Smith, 465 F.3d 1295, 1299–1300 (11th Cir. 2006); *see also* Gonzalez, 132 S. Ct. at 656. In Florida, Article V, section 3(b), of the Florida Constitution governs the jurisdiction of the Florida Supreme Court. *See* Wells v. State, 132 So. 3d 1110, 1112 (Fla. 2014). That provision provides, in relevant part:

**(b) Jurisdiction**.—The supreme court:

> (3) May review any decision of a district court of appeal that expressly declares valid a state statute, or that expressly construes a provision of the state or federal constitution, or that expressly affects a class of constitutional or state officers, or that expressly and directly conflicts with a decision of another district court of appeal or of the supreme court on the same question of law.

Fla. Const. art. V, § 3(b)(3).

In Wells, the Florida Supreme Court summarized its decisions addressing the limits of its jurisdiction under Fla. Const. art. V, § 3(b)(3):

> [B]ased on our case law since Jenkins [v. State, 385 So. 2d 1356 (Fla. 1980)], it is clear that we have explicitly held that this Court lacks discretionary review jurisdiction over the following four types of cases: (1) a per curiam affirmance rendered without written opinion—*see* Jenkins, 385 So. 2d at 1359; (2) a per curiam affirmance with a citation to (i) a case not pending review or a case that has not been quashed or reversed by this Court, (ii) a rule of procedure, or (iii) a statute—*see* Dodi Publishing [Co. v. Editorial America, S.A.], 385 So. 2d [1369,] 1369 [(Fla. 1980)], and Jollie [v. State], 405 So. 2d [418,] 421 [(Fla. 1981)]; (3) a per curiam or other unelaborated denial of relief rendered without written opinion—*see* Stallworth [v. Moore], 827 So. 2d [974,] 978 [(Fla. 2002)]; and (4) a per curiam or other unelaborated denial of relief with a citation to (i) a case not pending review or a case that has not been quashed or reversed by this Court, (ii) a rule of procedure, or (iii) a statute—*see* Gandy [v. State], 846 So. 2d [1141,] 1144 [(Fla. 2003)].

132 So. 3d at 1113 (Fla. 2014).

In Petitioner's case, the First DCA's per curiam affirmance of the criminal judgment included the following opinion:

> Daimon Terrell Dailey appeals his convictions for robbery with a firearm or other deadly weapon and unlawful possession of a firearm by a minor. He argues his defense counsel was ineffective for failing to object to testimony by law enforcement officers improperly bolstering a prosecution witness and commenting on his truthfulness. As a rule, claims of ineffective assistance of counsel are not cognizable on direct appeal and can only be raised in a postconviction motion under Florida Rule of Criminal Procedure 3.850. *See* Smith v. State, 998 So. 2d 516, 522 (Fla. 2008); Wuornos v. State, 676 So. 2d 972, 974 (Fla. 1996); Loren v. State, 601 So. 2d 271, 272 (Fla. 1st DCA 1992). Rarely, an appellate court will consider such a claim on direct appeal if "the ineffectiveness is obvious on the face of the appellate record, the prejudice caused by the conduct is indisputable, and a tactical explanation for the conduct is inconceivable." Corzo v. State, 806 So. 2d 642, 645 (Fla. 2d DCA 2002). We are satisfied upon review of the record before us that this is not the rare case justifying resolution of an ineffective assistance claim on direct appeal. Rather, Appellant should seek relief under Rule 3.850.

Dailey v. State, 46 So. 3d 647, 647 (Fla. 1st DCA 2010) (Mem).

The First DCA's affirmance was not unelaborated; it was accompanied by a discussion of the facts in the case such that it could be said that the district court "expressly addresse[d] a question of law within the four corners of the opinion itself." Gandy, 846 So. 2d at 1144 (citations omitted). The appellate court's having done so, the Florida Supreme Court could have considered whether the decision "expressly and directly conflict[ed] with a decision of another district court of appeal or of the supreme court on the same question of law," thus invoking the court's discretionary jurisdiction. Jenkins, 385 So. 2d at 1359. However, Petitioner did not attempt to invoke the Florida Supreme Court's discretionary jurisdiction. Therefore, his conviction became final, for purposes of § 2244(d)(1)(A), on November 25, 2010, upon expiration of the 30-day period for seeking review in the Florida Supreme Court.[2] *See, e.g.*, Coulliette v. Sec'y, Dep't of Corr., No. 5:12cv355/MW/GRJ, 2014 WL 518936, at *2 (N.D. Fla. Feb. 10, 2014) (unpublished) ("Because the First DCA issued a written opinion, Petitioner could have sought discretionary review in the Florida Supreme Court, but he did not do so. Accordingly, Petitioner's conviction became final on April 2, 2007, 30 days after the First DCA denied his motion for rehearing, when the time to seek discretionary review expired.").

Applying the finality trigger of § 2244(d)(1)(A), the statute of limitations began to run on November 26, 2010, the day after the 30-day period for Petitioner to file a petition for review in the Florida Supreme Court expired.[3] *See* Wainwright v. Sec'y, Dep't of Corr., 537 F.3d 1282, 1283–84 (11th Cir. 2007) (citing Fed. R. Civ. P. 6(a)); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA). Petitioner had one year from that date, or until November 26, 2011, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated

---

[2] According to the Florida rules governing appeal proceedings in criminal cases, Petitioner had thirty (30) days following rendition of the First DCA's order to file a petition for discretionary review in the Florida Supreme Court. *See* Fla. R. App. P. 9.120(b). The First DCA's decision was rendered October 25, 2010. *See* Fla. R. App. P. 9.020(i) (order is rendered when signed, written order is filed with clerk of lower tribunal). The day the decision was rendered is excluded from the 30-day calculation; therefore, the period for seeking an appeal began to run on October 26, 2010. *See* Fla. R. App. P. 9.420(f). Thirty (30) days from that date was November 25, 2010.

[3] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the day of the event that triggers the time period is excluded from the calculation, and the last day of the period is included, so the federal limitations period began to run on November 26, 2010.

Case No.: 3:13cv148/WS/EMT

according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)). Petitioner did not file his federal petition on or before November 26, 2011; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Petitioner filed a Rule 3.850 motion on August 30, 2011. However, because the motion was not properly filed according to the state court's application of Florida's written oath requirement, set forth in Rule 3.850(c), it was not "properly filed," and thus did not qualify as a tolling motion under § 2244(d)(2). See Hurley v. Moore, 233 F.3d 1295, 1298 (11th Cir. 2000).

Petitioner filed an amended Rule 3.850 motion on December 8, 2011. However, that post-conviction application did not toll the federal limitations period, because the limitations period had already expired on November 26, 2011. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (any post-conviction applications filed after the one-year federal limitations period expired do not toll the limitations period, because there was no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). Therefore, Petitioner's federal habeas petition, filed March 27, 2013, was untimely.

Petitioner does not allege any grounds for additional tolling, nor has he shown he is entitled to review of his claims through a recognized exception to the time bar.[4] Therefore, Respondent's motion to dismiss is due to be granted, and the federal petition dismissed as time-bared.

III.  CERTIFICATE OF APPEALABILITY

---

[4] Petitioner cites Martinez v. Ryan, — U.S. —, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), in support of his contention that he is entitled to federal review of his claims even though they are procedurally bared because he did not present them to the state courts (see doc. 1 at 4, 5). Even if the court liberally construed Petitioner's reliance on Martinez as extending to AEDPA's limitations period, the Eleventh Circuit recently decided that the reasoning of the Martinez rule does not apply to the AEDPA's limitations period in § 2254 cases or any potential tolling of that period. See Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir. 2014).

Case No.: 3:13cv148/WS/EMT

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (doc. 27) be **GRANTED**.

2. That the petition for writ of habeas corpus (doc. 1) be **DISMISSED** with prejudice as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 22nd day of April 2014.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**